**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JEFFREY G. GARLAND,              :
                                 :     Civil Action No. 08-3674 (SDW)
            Plaintiff,           :
                                 :
        v.                       :     **OPINION**
                                 :
ANTHONY GOODMAN, et al.,         :
                                 :
            Defendants.          :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Jeffrey G. Garland
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**WIGENTON**, District Judge

Plaintiff Jeffrey G. Garland, a pre-trial detainee confined at Hudson County Correctional Center in Kearny, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he was arrested on January 19, 2008, for an unspecified "controlled dangerous substance" offense. See generally N.J.S.A. 2C:35-1.1 et seq. (Criminal Offenses Involving Controlled Dangerous Substances).

Plaintiff alleges that Defendant Officer Anthony Goodman made out a criminal complaint after having been administered an oath by Defendant Sgt. Steve Trowbridge.  Plaintiff alleges that because Officer Goodman did not sign the criminal complaint and because Sgt. Trowbridge was not authorized by law to administer an oath in this situation, the arrest warrant was defective and there was no probable cause for the arrest.  Plaintiff does not otherwise challenge the sufficiency of the criminal complaint or the arrest warrant.  Nor does Plaintiff otherwise describe the circumstances of his arrest or any search which may have been conducted incident to that arrest.

Plaintiff alleges that Defendant Assistant Deputy Prosecutor Seth Galkin "presented" an indictment derived from the allegedly defective criminal complaint.

2

Plaintiff seeks compensatory and punitive damages. He also seeks an order compelling dismissal of the charges with prejudice.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

### III.  <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

A.   Claim Against Asst. Deputy Prosecutor Seth Galkin

Plaintiff alleges that the prosecutor violated his constitutional rights by prosecuting on the basis of the allegedly defective criminal complaint.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).

Here, Plaintiff's allegation that the assistant deputy prosecutor proceeded with the prosecution on the basis of the facts contained in the allegedly defective criminal complaint alleges specifically the type of behavior as an advocate that is entitled to absolute immunity.  The claim against the prosecutor must be dismissed with prejudice.

B.   <u>Fourth Amendment Claim for Unlawful Arrest</u>

Under the Fourth Amendment to the U.S. Constitution, made applicable to the states by the Fourteenth Amendment, <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961), the people are to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, ... and no Warrants shall issue, but upon probable cause."

Supreme Court cases construing the Fourth Amendment "reflect the ancient common-law rule that a peace officer was permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there was a reasonable ground for making the arrest." <u>United States v. Watson</u>, 423 U.S. 411, 418 (1976) (referring to arrest in a public place).  "The necessary inquiry, therefore, was not whether there was a warrant or whether there was time to get one, but whether there was probable cause for the arrest." <u>Id.</u> at 417.

"Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt.  Rather, probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be

8

arrested.  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995) (citations omitted).

Thus, a warrantless public arrest by a law enforcement officer is reasonable under the Fourth Amendment "where there is probable cause to believe that a criminal offense has been or is being committed."  Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004).[1]  See also Mayrland v. Pringle, 540 U.S. 366, 370 (2003) (validating warrantless public arrest for a felony); Atwater v. Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."); United States v. Watson, 423 U.S. 411 (1976) (arrest warrant is unnecessary for arrest in a public place and such arrest is tested only by the "probable cause" test); United States v. Santana, 427 U.S. 38, 42 (1976) (person standing in the doorway of a house is "in a

---

[1] It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).  To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).

'public' place," and hence subject to arrest without a warrant). See also Porter v. Gray, 2007 WL 464694, *6 n.7 (W.D. Pa. Feb. 13, 2007) (collecting cases on "public places").

However, "the Fourth Amendment has drawn a firm line at the entrance to a house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York, 445 U.S. 573, 590 (1980). Exigent circumstances include "hot pursuit of a fleeing felon, or imminent destruction of evidence, ... or the need to prevent a suspect's escape, or the risk of danger to the police or to the other persons inside or outside the dwelling." Minnesota v. Olson, 495 U.S. 91, 100 (1990).

Moreover, the mere issuance of an arrest warrant by a judicial officer "does not, in itself, shelter an officer for liability from false arrest. Rather, a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant'; and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).

Finally, the Supreme Court has never held "that violations of state arrest law are also violations of the Fourth Amendment;" to the contrary, "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same." Virginia v. Moore, 128 S.Ct. 1598, 1605 (2008).

Here, Plaintiff alleges that his arrest violated the Fourth Amendment because of procedural defects of state law in the preparation of the criminal complaint pursuant to which an arrest warrant was issued, specifically, the complaining officer's failure to sign the criminal complaint and taking the oath from an officer not authorized to administer an oath.[2]

---

[2] Under New Jersey law, a criminal complaint "shall be a written statement of the essential facts constituting the offense charged ... . All complaints except complaints for traffic offenses ... and complaints for non-indictable offenses ... shall be by certification or on oath before a judge or other person authorized by N.J.S.A. 2B:12-21 to take complaints. The clerk or deputy clerk, municipal court administrator or deputy court administrator shall accept for filing any complaint made by any person." N.J.Ct.Rule 3:2-1(a). New Jersey Court Rule 3:2-3 sets forth the procedure for issuing arrest warrants upon written Complaint-Warrant (CDR2) forms and upon sworn oral testimony of a law enforcement applicant who is not physically present. New Jersey Court Rule 3:3-1 provides that an arrest warrant may be issued on a complaint only if "a judge, clerk, deputy clerk, municipal court administrator or deputy municipal court administrator finds from the complaint or an accompanying affidavit or deposition, that there is probable cause to believe that an offense was committed and that the defendant committed it and notes that finding on the warrant." N.J.Ct.Rule 3:3-1(a)(1). Finally, under New Jersey law, "No person arrested under a warrant ... shall be discharged from custody or dismissed because of any technical insufficiency or irregularity in the warrant or summons, but the warrant or summons may be amended to remedy any

Because the charges against Plaintiff remain pending, and because it is not clear to what extent the circumstances surrounding Plaintiff's arrest may affect the disposition of those pending criminal charges, this Court will stay the claim for unlawful arrest asserted against Defendants Anthony Goodman and Sgt. Steve Trowbridge.  See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")).

Should Plaintiff wish to proceed with this action following disposition of the pending criminal matter, he must so notify this Court, in writing, within 60 days following entry of judgment in the trial court in the pending state criminal matter.

C.   Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579

---

such technical defect."  N.J.Ct. Rule 3:3-4(a).

(3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination of the criminal proceedings arising out of the January 18, 2008, arrest.  Accordingly, this claim must be dismissed without prejudice.

13

D.   Request for Injunctive Relief

It is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); Middlesex Co. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state issues are involved."). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

Here, there are ongoing state proceedings in which Plaintiff can assert whatever grounds for dismissal he deems appropriate.

14

Plaintiff has alleged no facts suggesting that the state proceedings do not afford him an adequate opportunity to raise his constitutional claims.  This Court will abstain from addressing the request for injunctive relief.

## V. CONCLUSION

For the reasons set forth above, the claim for damages resulting from an alleged unlawful arrest by Defendants Anthony Garland and Sgt. Steve Trowbridge will be stayed.  All other claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could cure any deficiencies in the Complaint by amendment at this time.

An appropriate order follows.

S/Susan D. Wigenton
Susan D. Wigenton
United States District Judge

Dated: February 6, 2009